IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–12–M–DLC–3 |
| Plaintiff, | |
| | ORDER |
| vs. | |
| DARCY LEE SEGAL, | |
| Defendant. | |

On August 21, 2017, Defendant Darcy Lee Segal ("Segal") filed an Unopposed Motion for Hearing re: Filing of Writ of Habeas Corpus ad Prosequendum by State of Montana. The Court granted the motion and held a hearing regarding Segal's custody, her pending case in the Montana Fourth Judicial District Court, and the State of Montana Writ of Habeas Corpus ad Prosequendum issued on August 18, 2017. At the hearing, the Court allowed the parties to submit additional briefing regarding the Court's power to bar the State writ, and continue Segal's custody with the United States Marshall Service until final disposition of her federal case. The Court has reviewed the supplemental briefing and finds that pursuant to the Supremacy Clause, U.S. Const. art. VI, cl. 2, the State of Montana Writ is declared null and void and Segal shall remain in federal custody until final disposition of her federal case.

## PROCEDURAL HISTORY[1]

On September 13, 2016, the State of Montana filed an Information, Cause Number DC-16-486, charging Segal with two counts of counterfeiting or defacing documents. Segal was arrested in December of 2016 and remained in state custody. On December 29, 2016, a second Information was filed, Cause Number DC-16-686, charging Segal with one count accountability for theft by common scheme, one count accountability for forgery by common scheme, one count accountability for theft of identity, and one count accountability for deceptive practices by common scheme. The criminal conduct allegedly occurred between March 2, 2016 and December 9, 2016. The second Information lists several witnesses, including a co-defendant in this federal case, John Giblin.

A federal Indictment was filed in this Court on April 5, 2017. Segal was charged with one count of conspiracy to commit wire fraud, one count wire fraud, and one count of aggravated identity theft. The criminal conduct charged in the Indictment allegedly occurred between April 2016 and October 2016, and Segal is the sole defendant charged in Counts 9 and 19, which is described to have occurred on August 26, 2016. On April 7, 2017, while Segal's state charges were

---

[1] This background section is derived from the docket in this case, Segal's motion (Doc. 102), the attached State of Montana Information (Doc. 102-2), and the information obtained by the parties at the hearing on August 24, 2017.

pending, the United States Attorneys' Office was granted a writ of habeas corpus

ad prosequendum by United States Magistrate Judge Jeremiah C. Lynch. The writ

directs that: "the Captain of the Missoula County Detention Facility, and the

United States Marshal for the District of Montana, to produce Darcy Lee Segal,

before the Court at the Magistrate Judge's Courtroom in Missoula, Montana, at

9:30 A.M. on Thursday, April 20, 2017, and Darcy Lee Segal is to stay

in federal custody until Judgment in this case is issued." (Doc. 18.)

Segal appeared for arraignment before Judge Lynch on April 20, 2017.

Judge Lynch ordered Segal to be remanded to the custody of the United States

Marshal. That order states: "In light of her state or county custody, the Writ

requires the Defendant to remain in federal custody until the conclusion of all

proceedings in this case, and thereafter be returned to the custody of the Captain of

the Missoula County Detention Facility." (Doc. 36.) On August 3, 2017, Segal

filed a plea agreement, and appeared before Judge Lynch on August 10, 2017

where she pled guilty to Counts 9 and 19 of the Indictment. Judge Lynch issued

his findings and recommendations on Segal's plea that this Court accepted on

August 10, 2017.

On August 18, 2017, the County Attorneys' Office of Missoula filed a

petition for Writ of Habeas Corpus ad Prosequendum in the Fourth Judicial

District of Montana. That same day, the order for the Writ was signed by Montana

District Court Judge Karen Townsend. (Doc. 102-1.) The State of Montana Writ

orders that Segal "shall be transported to the Missoula County Courthouse in

Missoula, Montana on or before 8:30 a.m. on September 1st, 2017, for the

purposes of trial."

At the August 24, 2017 hearing, Segal's counsel argued that the Court

should declare the State of Montana Writ of Habeas Corpus ad Prosequendum null

and void. Pursuant to the Supremacy Clause and due process, counsel contended

that this Court should complete its disposition in Segal's federal case before

sending her back to state custody. Counsel argued that it would be unduly

prejudicial to extradite her in the middle of her federal case.

Segal is presently housed at the Missoula County Detention Center and is in

the custody of the United States Marshal for the District of Montana.

**DISCUSSION**

A state court lacks jurisdictional authority to issue state process upon a

federal officer who is acting pursuant to federal law. *Ableman v. Booth*, 62 U.S.

506, 523-524 (1858). "No state judge or court, after they are judicially informed

that the party is imprisoned under the authority of the United States, has any right

to interfere with him, or to require him to be brought before them." *Id*. at 524; *see*

*also Com. of Puerto Rico v. Perez Casillas*, 624 F. Supp. 822, 827 (D.P.R. 1985).

A United States Marshal who has "a prisoner in his custody under the authority of

the United States is duty-bound to obey and execute the process of the United

States, and shall not obey process issued by a state authority with respect to such a

prisoner." *U. S. ex rel. Fort v. Meiszner*, 319 F. Supp. 693, 695 (N.D. Ill. 1970)

(citing *Abelman*, 62 U.S. at 523). The United States Supreme Court also

determined "that a state judge does not have jurisdiction to issue a writ of habeas

corpus, or to continue proceedings under the writ when issued, for the release of a

person held under the authority of the United States by an officer of that

government." *Id*. (citing *In re Tarble*, 80 U.S. 397, 411 (1871)). Moreover,

pursuant to the Supremacy Clause, federal law is supreme over conflicting state

law. U.S. Const. art. VI, cl. 2, *see also Cooper v. Aaron*, 358 U.S. 1, 18 (1958);

*Feldman v. United States*, 322 U.S. 487, 491 (1944).

In *Meisner*, the defendant was initially in the custody of the State of New

York and then was transferred to the custody of the United States Marshals

pursuant to a writ of habeas corpus ad testificandum to testify at a federal grand

jury proceeding. *Meiszner*, 319 F. Supp. at 694. While in federal custody, Cook

County of Illinois issued a writ of habeas corpus ad prosequendum for the

defendant to return to state custody. *Id.* The defendant sought an injunction from

the United States District Court in the Northern District of Illinois against execution of the Cook County writ. *Id*. The district court granted the injunction because "the Circuit Court of Cook County lacked jurisdiction to issue a writ of habeas corpus ad prosequendum upon a federal marshal having custody of the petitioner under an order issued by a federal court." *Id*. at 696.

Here, Segal's removal from state custody was conditioned upon remaining in federal custody "upon the issuance of Judgment" in this case. (Doc. 19.) This Court has not issued its final judgment. Pursuant to federal supremacy, a state writ may not contravene and nullify a federal writ. Thus, Segal shall remain in federal custody until final judgment is issued at her sentencing hearing on November 17, 2017.

## ORDER

IT IS ORDERED that the Writ of Habeas Corpus ad Prosequendum issued on August 18, 2017 by the Fourth Judicial District Court, Missoula County, upon the Defendant Darcy Lee Segal is declared null and void.

IT IS FURTHER ORDERED that the state actors, including the Fourth Judicial District Court and the Missoula County Attorneys' Office, are enjoined from executing the State of Montana Writ of Habeas Corpus ad Prosequendum issued on August 18, 2017.

IT IS FURTHER ORDERED that following the conclusion and final disposition of this federal case, Darcy Lee Segal will be returned to the custody of the State of Montana.

DATED this 28th day of August, 2017.

Dana L. Christensen, Chief District Judge
United States District Court