IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–12–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DARCY LEE SEGAL, | |
| Defendant. | |

Before the Court is Defendant Darcy Lee Segal's Unopposed Motion for Early Termination of Supervision. (Doc. 264.) Segal pled guilty to one count of wire fraud and one count of aggravated identity theft and, on November 17, 2017, was sentenced to a custodial sentence of 36 months, followed by three years of supervised release. (Doc. 151.) Segal began her period of supervised release on August 20, 2019. (*See* Doc. 243.) On January 24, 2022, Segal made an initial appearance on a petition to revoke her supervised release. (Doc. 255.) At the final revocation hearing, on February 24, 2022, the Court found Segal in violation of the terms of her supervision, revoked her term of supervision, and sentenced her to a custodial term of 10 months, to be followed by supervised release for a term of 26 months. (Doc. 256.) Segal began her current term of supervised release on October 5, 2022, and now seeks the premature termination of her remaining term

1

of supervised release, which is set to terminate on December 4, 2024. (Doc. 264 at 1.) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (*Id.* at 2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Segal has served at least one year of her term of supervised release, rendering her statutorily eligible for the premature termination of her remaining term of supervision. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of a defendant's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if the defendant waives it, or if the proposed modification is favorable to the defendant and the United States does not object. The premature termination of Segal's supervised release is obviously favorable to her and the United States does not object. (Doc. 264.) Accordingly, the Court will dispose of this matter without a hearing.

offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors support the early termination of Segal's remaining term of supervised release. While in custody and on supervision Segal has completed numerous classes and programs. (Doc. 266-1.) She continues to participate in mental health counseling and is part of a peer-support program for recovery from addiction. (Docs. 266-1, 266-2, 266-7.) She has maintained steady employment while out of custody and has been promoted to Assistant Executive Housekeeper for the Crystal Inn Hotel and Suites. (Docs. 266-3, 266-8.) The letters of support submitted on Segal's behalf demonstrate that those around her—including her state supervising probation officer, coworkers, and peers involved in addiction treatment and recovery—find her to be a person of good

3

character who has taken the time to reflect on her past and grow into a productive member of society. (Docs. 266-2 to 266-8.) Segal's state supervising probation officer reports that Segal has provided no positive UAs, has maintained excellent contact, has maintained steady employment, has made payment toward her restitution obligation every month, has shown remorse for her past criminal behavior, and is a law-abiding citizen. (Doc. 266-4.) Segal's federal supervising probation officer echoes these statements and adds that he does not "feel supervision is needed at this time" and Segal "will continue to be a success regardless of her supervision status." (Doc. 265 at 18.)

Based on the foregoing, the Court finds that Segal has engaged in meaningful and transformative rehabilitation during her time in custody and on supervised release and will continue to be successful while off of federal supervision. The Court also notes that Segal will remain subject to state supervision in case no. DC-2016-0686 until December 10, 2031. (Docs. 265 at 3, 7; 266-4.)

Accordingly, IT IS ORDERED that the motion (Doc. 264) is GRANTED.

IT IS FURTHER ORDERED that Segal's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 22nd day of May, 2024.

Dana L. Christensen, District Judge
United States District Court